NOT FOR PUBLICATION                                                                              [12, 14]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

Daniel J.N. Jones, Sr.,

   Plaintiff,

 v.

New Jersey State Bar Association and
Mercer County Bar Association,

   Defendants.

---

Civil Action No. 06-0823 (FLW)

**OPINION**

**WOLFSON**, **District Judge**

  Pro Se plaintiff Daniel J.N. Jones, Sr. ("Jones") filed a complaint against the New Jersey State Bar Association ("NJSBA") and the Mercer County Bar Association ("MCBA") (collectively, "Defendants") on September 21, 2006, alleging that Defendants failed to provide him with legal representation. Before the Court is the unopposed motion filed by the NJSBA to dismiss Jones' Complaint pursuant to Fed. R. Civ. P. 12 (b)(6). The NJSBA also seeks attorney's fees. Likewise, the MCBA filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) that is also proceeding unopposed. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. For the reasons stated herein, the Court dismisses Jones' Complaint against the NJSBA with prejudice, but denies its request for attorney's fees. The Court grants the MCBA's Motion for Summary Judgment.

**Background**

  This action arises out of Jones' alleged inability to obtain legal counsel from Defendants.

Specifically, Jones alleged that Defendants refused to provide him legal counsel in violation of his constitutional rights. Previously, Jones filed an Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> on February 23, 2006, which the Court granted on September 20, 2006. Thereafter, Jones filed this instant suit against Defendants on September 21, 2006.

  The NJSBA is a private organization. Its purpose is to serve and protect the personal and professional interests of its members. The NJSBA acts as an advocate for its lawyer members; it is not a lawyer referral service. However, the MCBA is a lawyer referral service. Its function is to help people find lawyers for diverse legal issues through its referrals. The MCBA provides referrals following a phone interview determining the applicable area of law. It then gives the caller the name of an attorney with a background in the appropriate legal field. This service is accessible throughout the work week from 9:00 a.m. to 4:00 p.m. Although a MCBA attorney does not guarantee that he or she will accept a particular case, consultation is $25.00 for the initial half hour, or even free in some cases. Between August 15, 2001 and May 30, 2006, Jones contacted the MCBA's lawyer referral service at least eleven times, for an assortment of legal issues. (Declaration of Francine Kowalczyk ("Kowalczyk Decl."), Exh. A, ¶ 11.) The MCBA gave Jones names of various attorneys; however, he never contacted any of these referred attorneys. (Kowalczyk Decl., Exh. A, ¶¶ 11-12.)

  On March 6, 2007, the NJSBA filed a motion to dismiss pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6), asserting that it had no duty to provide legal counsel to Jones. Additionally, the NJSBA stated that Jones should be responsible for its attorney's fees, contending that he had acted in bad faith. On March 13, 2007, the MCBA filed a motion for summary judgment pursuant to <u>Fed. R. Civ. P.</u> 56(c). The MCBA contends that Jones repeatedly contacted the lawyer referral service,

yet never actually contacted one of its attorneys.  Jones never responded to either motion.  Thus, on April 23, 2007, the Court issued a Letter Order advising the parties that the two motions will be considered unopposed.

**I. The NJSBA's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

**A.     Legal Standard**

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."  Oatway v. American Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)).  The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The focus of the Court's Rule 12(b)(6) analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims."  Oatway, 325 F.3d at 187.

When a plaintiff is not represented by counsel, however, the Court must be mindful to construe the complaint liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  A pro se complaint may be dismissed for failure to state a claim only if "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Further, a court should consider a motion to dismiss on the merits, despite a plaintiff's lack of opposition to the motion.  See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.

1991).  A court can dismiss a claim only because appropriate relief does not exist, not as a punishment for lack of opposition to a motion.  See Id.

**B.     Analysis**

Even considering that Jones is a pro se plaintiff, with inferences liberally construed in his favor, Jones did not state a claim against the NJSBA upon which the Court may grant him relief.  The NJSBA maintains that it had no duty to Jones, nor does Jones allege that one exists.  The NJSBA is "a nonprofit association of attorneys licensed to practice law in New Jersey[.]"  New Jersey State Bar Association v. Berman, 11 N.J. Tax 433, 437 (N.J. Tax Ct. 1991).  It provides educational opportunities to members as well as the general public, and serves as the voice of its members.  See NJSBA, Mission Statement, http://www.njsba.com/about/ (last visited June 7, 2007).  Contrary to Jones' position, the NJSBA is not a lawyer referral service.  Therefore, the Court agrees that Jones improperly named the NJSBA as a defendant in this litigation.

Notwithstanding granting the motion to dismiss, the NJSBA is not entitled to attorney's fees.  A trial court can use its discretion in awarding attorney's fees to the winning party.  See Fogerty v. Fantasy, Inc., 510 U.S. 517, 522 (1994).  "'[U]nder the American common-law rule attorney's fees may be awarded against a party who has proceeded in bad faith.'"  Lieb v. Topstone Industries, Inc., 788 F.2d 151, 155 (3d Cir. 1986) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 419 (1978)).  "The party moving for fees bears the burden of establishing the 'reasonableness' of the request via specific 'evidence supporting the hours worked and rates claimed.'"  Salvadori v. Option One Mortgage Corp., No. 05-4974, 2006 WL 2990361, at *2 (D.N.J. Oct. 17, 2006) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Here, even if Jones named the wrong defendant in his claim, the NJSBA does not offer specific

4

evidence of bad faith or the degree of hardship imposed by the unnecessary litigation.

Although it is possible for pro se parties to be obligated to pay attorney's fees, the situation must be appropriate to render such an award. See Smith v. Continental Ins. Corp., 747 F. Supp. 275, 285 (D.N.J. 1990). "[P]ro se status will not insulate an individual when he or she, dragging opposing counsel along the way, determines to make [a] court her personal playground." Id. Jones' Complaint simply does not amount to such bad faith. Furthermore, the Court notes that Jones was granted in forma pauperis standing and therefore would not be able to pay a fee award to the NJSBA. Thus, any such award would be extremely punitive and likely spawn further litigation. Therefore, attorney's fees will not be awarded to the NJSBA.

## II. The MCBA's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c)

### A.    Legal Standard

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id. The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the non-moving party must "go beyond the pleadings and by her own affadavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324.  In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).  A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248.  In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party." Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (citations omitted).  Similar to a motion to dismiss, a court should not hold a pro se complaint reviewed under a summary judgment motion to the same standard as one drafted by legal counsel.  See Wilson v. Maben, 676 F. Supp. 581, 583 (M.D. Pa. 1987).  Although pro se complaints are entitled to liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), the plaintiff must still set forth facts sufficient to survive summary judgment.  Shabazz v. Odum, 591 F. Supp 1513 (M.D.Pa. 1984); see also Kaiser v. Bailey, 2003 WL 2150039 at *3 (D.N.J. July 1, 2003).

**B.     Analysis**

A court should analyze the merits of a motion for summary judgment, despite the motion being unopposed.  See Anchorage Associates v. Virgin Is. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  In the present case, there is no genuine issue that exists, thus permitting the Court to grant summary judgment.  The MCBA had performed its service of referring attorneys to Jones in various areas of law.  The MCBA had further satisfied its burden of demonstrating a lack of a genuine issue by establishing that "[Jones] is a frequent caller . . . and has asked for the

6

names of the attorneys through the Lawyer Referral Service . . . at least eleven (11) times[,]" yet has never contacted an attorney.  (Kowalczyk Decl., Exh. A, ¶¶ 11-12.)  Even with all favorable inferences drawn from the facts, the Court determines from Jones' Complaint that his allegation is lacking evidence showing that the MCBA has failed to satisfy its obligation as a lawyer referral service.  The evidence before the Court exhibits that the MCBA had satisfied its duty of making referrals.  Jones' allegation that the MCBA did not afford him an attorney is without merit because the facts indicate that this is not MCBA's obligation.  In other words, the uncontested facts demonstrate that the MCBA met its only obligation to Jones[1].  Thus, Jones has not shown "a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The MCBA's evidence is sufficient for it to prevail as a matter of law.

### III. Conclusion

For the foregoing reasons, the NJSBA's Motion to Dismiss is granted and Jones' claim is dismissed with prejudice.  However, the Court denies its request for attorney's fees.  The MCBA's Motion for Summary Judgment is granted.  An appropriate Order shall follow.

                                              /s/ Freda L. Wolfson
                                              Honorable Freda L. Wolfson
                                              United States District Judge

Dated: June 11, 2007

---

[1] In a motion for summary judgment, uncontested facts stated in a defendant's brief are accepted by the court as true.  Montville Township v. Woodmont Builders, LLC, No. 03-2680, 2005 WL 2000204, at *9 (D.N.J. Aug. 17, 2005).